IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CUONG L. DAO, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) |
| HIEN DAO PLOEG and JOHANNES M. PLOEG, | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT AND PETITION FOR PRELIMINARY INJUNCTION

Cuong L. Dao hereby files this verified complaint and petition for preliminary injunction against Hien Dao Ploeg and Johannes M. Ploeg (together, "Defendants"), as follows.

## NATURE OF THE ACTION

1. This is an action for fraud and damages related to the fraudulent depletion of the E*Trade brokerage accounts belonging to Mr. Dao by Defendants, and for the fraudulent filing of tax returns against Mr. Dao by Defendants.

## PARTIES

2. Cuong L. Dao is an individual resident of the State of Georgia. Mr. Dao resides at 8213 Madison Drive, Dunwoody, Gwinnett, DeKalb County,

Georgia 30346. Mr. Dao is subject to the jurisdiction of this Court and may be served by serving the undersigned.

3. Hien Dao Ploeg is an individual resident of the State of Georgia, and may be served at her residence at 379 Dunleven Manor Walk, Lawrenceville, Gwinnett County, Georgia 30043-6065.

4. Johannes M. Ploeg is an individual resident of the State of Georgia, and may be served at his residence at 379 Dunleven Manor Walk, Lawrenceville, Gwinnett County, Georgia 30043-6065.

**JURISDICTION AND VENUE**

5. Jurisdiction in this action is proper in this Court pursuant to 28 U.S.C. § 1331 as this matter involves claims under Federal Law, specifically with regard to 15 U.S.C. § 78j as this is an action for securities fraud and 26 U.S.C. § 7434(a) as this is an action for tax fraud.

6. Venue in this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all, or substantially all, of the acts or omissions giving rise to the claims asserted herein occurred in this District.

**FACTUAL BACKGROUND**

7. Defendant Hien Dao Ploeg is the mother of Plaintiff Cuong L. Dao, and is married to Defendant Johannes M. Ploeg (rendering Mr. Ploeg the stepfather of Mr. Dao).

8. The Parties have owned and operated a business called PopsNComics together since 2019, and under another name since 2015, and remains incorporated as Stukntyme Collectibles Corporation (hereafter, "PopsNComics").

9. PopsNComics is a Georgia for profit corporation.

10. Per agreement of the Parties Mr. Dao owns a fifty-percent (50.00%) share of PopsNComics and worked as a W-2 employee of the company.

11. Defendants serve as the managers and officers of PopsNComics.

12. Mr. Ploeg pays Mr. Dao his W-2 wages via CashApp.

13. From September 9, 2020 through January 7, 2022 (roughly sixteen months), Mr. Ploeg paid Mr. Dao a total of $20,491.09 for his W-2 employment, all of which was paid via CashApp.

14. Defendants caused PopsNComics to withhold a minimal amount of taxes from Mr. Dao's payments for the apparent purpose of paying Employment Taxes and FUTA per Forms 941 and 940, respectively.

15. Ms. Ploeg is a tax preparer, holding at least a Preparer's Tax Identification Number (hereafter, "PTIN") and Enrolled Agent (hereafter, "EA") license through the Internal Revenue Service.

16. Mr. Dao does not believe that Ms. Ploeg is a licensed Certified Public Accountant (hereafter, "CPA").

17. As his mother and business partner, and as an EA, Ms. Ploeg prepared Mr. Dao's taxes for at least the tax periods ending December 31, 2019 and December 31, 2020.

18. Mr. Dao has no experience with taxes, financial statements, financial reports and/or tax filings whatsoever.

19. Within Mr. Dao's Form 1040 Return for the tax period ending December 31, 2019, Ms. Ploeg reported as follows:

    a. Wages and Salaries of $25,684.00;

    b. Schedule C Losses of $11,531.00;

    c. Additional Losses of $5,990.00;

    d. Other Income of $5,541.00;

    e. Schedule EIC Earned Income of $14,153.00; and

    f. Total Income of $19,694.00.

20. Within Mr. Dao's Form 1040 Return for the tax period ending December 31, 2020, Ms. Ploeg reported as follows:

    a. Wages and Salaries of $3,955.00;

    b. Schedule C Losses of $4,581.00;

    c. Schedule D Capital Gains of $43,855.00;

    d. Additional Income of $13,209.00;

    e. Refundable Credits of $1,100.00;

   f. Unemployment Compensation of $18,828.00;

   g. Other Losses of $10,200.00

   h. Primary Economic Impact Payment of $1,200.00; and

   i. Total Income of $61,019.00.

21. Mr. Dao worked in 2020, but received unemployment at the demand of Defendants so that they could pay him a lower W-2.

22. Mr. Dao has not been provided with any distribution, draw or dividend whatsoever, at any point in time.

23. Mr. Dao has also recently discovered that he has an brokerage account in his name with Morgan Stanley that is operated through E*Trade, account number ***9348 (hereafter, the "Brokerage Account").

24. The statements for the Brokerage Account are issued to Defendants' address.

25. Mr. Dao has no control over the Brokerage Account.

26. Defendants operate and manage the Brokerage Account in Mr. Dao's name without his knowledge and/or consent.

27. As of January 2021, the Brokerage Account had holdings of nearly $160,000.00.

28. Throughout 2021, Defendants appear to have daytraded (often on margin) using Mr. Dao's Brokerage Account, amazingly bucking the market and managing to take considerable losses.

29. Beyond this, Defendants withdrew large sums from Mr. Dao's Brokerage Account in 2021.

30. Defendants continued this activity through January of 2022.

31. On January 12, 2022, Defendants ordered an Automated Clearing House (hereafter, "ACH") withdrawal of $46,119.39 from the Brokerage Account, under Reference ID: ***0906.

32. Defendants transferred these funds to their own accounts.

33. Defendants have not returned these funds.

34. Defendants intend to convert the $46,119.39 to their own use.

35. It is apparent that Defendants have depleted the remainder of the account, throughout 2021, in a similar manner.

36. As of January 31, 2022, the entire Brokerage Account had been drained to $1,978.66.

37. Over the course of just thirteen months, Defendants depleted the Brokerage Account by at least $155,000.00, converting the vast majority to their own use and losing the remainder via poor trade decisions.

38. Defendants also depleted the Brokerage Account in 2020, which is evidenced by the fact that Ms. Ploeg reported capital gains on Mr. Dao's 2020 Form 1040 in the amount of $43,855.00.

39. Mr. Dao has never received a penny of these capital gains and/or depletions.

40. Apart from the pittance (less than $2,000.00 left in the account), Mr. Dao has never seen a penny of the funds in the Brokerage Account.

41. Mr. Dao now sues for damages.

## COUNT I
## Securities Fraud Under 15 U.S.C. § 78j

42. Mr. Dao restates paragraphs 1-41 and incorporates said paragraphs herein by reference.

43. Defendants deceived Mr. Dao into believing that he did not have profits from his ownership in PopsNComics.

44. Instead, Defendants deposited Mr. Dao's profits into a brokerage account in his name at Morgan Stanley, via E*Trade.

45. Defendants omitted any mention of the E*Trade account and its holdings from Mr. Dao.

46. Defendants made this omission knowingly.

47.  Defendants made numerous trades, including, but not necessarily limited to purchases, sales and margin trades of securities in Mr. Dao's name through the E*Trade account without his knowledge.

48.  Mr. Dao relied on the representations of Defendants in signing tax returns that he prepared, all the while unaware of the missing profits from PopsNComics and the securities gains/losses from E*Trade.

49.  The value of Mr. Dao's E*Trade account has declined more than $155,000.00 and Mr. Dao is now liable for potential margin calls.

50.  Had Defendants truthfully represented Mr. Dao's profits, Mr. Dao's tax position (both with regard to missing profits and securities gains/losses), and their access to Mr. Dao's accounts, Mr. Dao would have been able to prevent the loss of more than $155,000.00.

51.  Defendants are liable to Mr. Dao for securities fraud.

## COUNT II
### Tax Fraud Under 26 U.S.C. § 7434(a)

52.  Mr. Dao restates paragraphs 1-51 and incorporates said paragraphs herein by reference.

53.  Defendants deceived Mr. Dao into believing that he did not have profits from his ownership in PopsNComics.

54.  Instead, Defendants deposited Mr. Dao's profits into a brokerage account in his name at Morgan Stanley, via E*Trade.

55. Defendants omitted any mention of the E*Trade account and its holdings from Mr. Dao.

56. Defendants made this omission knowingly.

57. Defendants made numerous trades, including, but not necessarily limited to purchases, sales and margin trades of securities in Mr. Dao's name through the E*Trade account without his knowledge.

58. Defendants prepared tax returns for Mr. Dao averring that Mr. Dao did not have any profits from PopsNComics and that he did not have any gains/losses related to his E*Trade account.

59. As a result, Defendants also caused Mr. Dao to sign and file inaccurate tax returns.

60. Defendants did so in their capacity as professional tax return preparers and as fiduciaries for Mr. Dao (albeit, without Mr. Dao's knowledge or consent).

61. Defendants are liable to Mr. Dao for securities fraud.

## COUNT III
### Preliminary Interlocutory Injunction

62. Mr. Dao restates paragraphs 1-61 and incorporates said paragraphs herein by reference.

63. Mr. Dao's tax returns are plainly and facially incorrect as they do not include any data regarding profits from PopsNComics and/or the E*Trade accounts.

64. That this Court will find that Mr. Dao's tax returns must be corrected is a near certainty.

65. Moreover, the transfers from Mr. Dao's accounts to Defendants' accounts are plain on the face of the account statements.

66. That this Court will find that those funds should be returned to Mr. Dao's accounts is also a near certainty.

67. A preliminary injunction requiring Defendants to maintain the withdrawn funds in a constructive trust account for the benefit of Mr. Dao will not harm the Defendants as the funds do not belong to Defendants.

68. A preliminary injunction requiring Defendants to maintain the withdrawn funds in a constructive trust account for the benefit of Mr. Dao will benefit Mr. Dao by ensuring that Defendants do not waste the funds in the interim.

69. A preliminary injunction requiring Defendants to maintain the withdrawn funds in a constructive trust account for the benefit of Mr. Dao will not impact the public in any way.

70. A preliminary injunction requiring Defendants to maintain the withdrawn funds in a constructive trust account for the benefit of Mr. Dao is appropriate in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Dao prays for judgment as requested above against Defendants and further requests:

    a.    An award of damages as stated per this Complaint;

    b.    Incidental and consequential damages;

    c.    Punitive damages;

    d.    Preliminary interlocutory injunctive relief;

    e.    An award of attorneys' fees and costs in bringing and maintaining this action; and

    f.    Any other relief as this Court may deem just and reasonable.

## DEMAND FOR JURY TRIAL

Mr. Dao requests a trial by jury on all issues so triable.

Respectfully submitted, this 25th day of May, 2022.

        FGP LAW, LLC

        /s/ Frank G. Podesta
        Frank G. Podesta
        GA Bar No. 496530
        fpodesta@fgplaw.com

        555 Sun Valley Drive
        Suite N-3
        Roswell, Georgia 30076
        678.677.5143 (voice)
        678.222.0123 (facsimile)
        *Attorneys for Cuong L. Dao*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CUONG L. DAO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| HIEN DAO PLOEG and JOHANNES M. ) | |
| PLOEG, ) | |
| ) | |
| Defendants. ) | |

**VERIFICATION OF VERIFIED COMPLAINT AND PETITION FOR PRELIMINARY INJUNCTION**

STATE OF GEORGIA )
)
COUNTY OF DEKALB )

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Cuong L. Dao, who, after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint and Petition for Preliminary Injunction are true and correct upon his personal knowledge and belief.

This 25 day of May, 2022.

_____
Cuong L. Dong

Sworn to and subscribed before me this
25 Day of May, 2022.

_____
Notary Public          (SEAL)
My commission expires: 8/31/2023

TRACI D HOLMAN
Notary Public, Georgia
Cherokee County
My Commission Expires
August 31, 2023

13